```
1  MICHAEL J. SULLIVAN (SBN 264695)
   LAW OFFICE OF MICHAEL J. SULLIVAN
2  111 N. Market St., Suite 300
   San Jose, CA 95113
3  Telephone: (408) 628-8882
4  Facsimile: (408) 625-1148
   E-mail: msullivan@mikesullivanlaw.com
5
6  Attorney for Plaintiff
   FOUNTAIN INC.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNTAIN INC., a California corporation, | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. §§ 1114 AND 1125 AND RELATED STATE LAW CLAIMS** |
| PARALENZ INC., a Delaware corporation; PARALENZ APS, a Danish Anpartsselskab doing business in the United States as PARALENZ INC.; and MOEF A/S, a Danish Aktieselskab doing business in the United States as PARALENZ INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Fountain Inc., by its attorney, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement of Plaintiff Fountain Inc.'s famous federally-registered trademark OCTOMASK (the "OCTOMASK Mark") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for unfair competition and false advertising under the laws of the State of California (Cal. Bus. & Prof. Code §§ 17200 and 17500), all arising from the Defendants' unauthorized use of the mark OCTOSPOT (the "OCTOSPOT Mark") in

1. connection with the marketing, advertising, promotion, offering for sale and/or sale of the Defendants' Octospot Dive Camera (now rebranded as the Paralenz Dive Camera) and camera mounts bundled with the Octospot Dive Camera.

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

3. Personal jurisdiction over the Defendants is proper in this judicial district because, on information and belief, the Defendants have committed numerous acts of infringement, dilution, unfair competition, and false advertising in this judicial district in connection with the marketing, advertising, promotion, offering for sale and/or sale of the Defendants' products to persons residing in this judicial district.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff Fountain Inc. ("Fountain") is a California corporation with its principal place of business at 3409 S. Main St., #L, Santa Ana, CA 92707.

6. On information and belief, Defendant Paralenz Inc. ("Paralenz Inc.") is a Delaware corporation with a principal place of business at Refshalevej 163A, 1432 København K, Denmark. On information and belief, Paralenz Inc. previously had the corporate name Octospot, Inc. until it changed its corporate name to Paralenz Inc. on September 14, 2016. A copy of Paralenz Inc.'s current entity details listed by the State of Delaware is attached as Plaintiff's Exhibit 1. On information and belief, Paralenz Inc. is doing business throughout the United States, including through using the internet to communicate and transact with persons located in the State of California, including persons located in this judicial district. On information and belief, Paralenz Inc. is the subsidiary of Defendants Paralenz ApS and Moef A/S and these Defendants' primary means of conducting business within the United States.

7. On information and belief, Paralenz ApS ("Paralenz ApS") is a Anpartsselskab organized under the laws of the country of Denmark with its principal place of business at Refshalevej 163A, 1432 København K, Denmark. On information and belief, Paralenz ApS previously had the corporate name Octospot ApS from May 17, 2016 through August 31, 2016

and had its current name Paralenz ApS become effective on September 1, 2016. A copy of Paralenz ApS's current entity details listed by the Danish Business Authority is attached as Plaintiff's Exhibit 2. On information and belief, Paralenz ApS is the subsidiary of Defendant Moef A/S for the purposes of running its dive camera business. A copy of the Paralenz "About" webpage stating its ownership by Defendant Moef A/S is attached as Plaintiff's Exhibit 3. On information and belief, Paralenz ApS is doing business as Paralenz Inc. throughout the United States, including through using the internet to communicate and transact with persons located in the State of California, including persons located in this judicial district.

8.  On information and belief Moef A/S ("Moef") is an Aktieselskab organized under the laws of the country of Denmark with its principal place of business at Refshalevej 163A, 1432 København K, Denmark. On information and belief, Moef is the corporate parent of Defendants Paralenz Inc. and Paralenz ApS. On information and belief, Moef is doing business as Paralenz Inc. throughout the United States, including through using the internet to communicate and transact with persons located in the State of California, including persons located in this judicial district.

## FOUNTAIN BACKGROUND

9.  Fountain and its predecessor EZ Industries LLC have used the OCTOMASK Mark to sell scuba diving masks since September 25, 2012. Every scuba mask sold using the OCTOMASK Mark has included a camera mount for attaching an underwater-capable camera. The OCTOMASK scuba diving masks are sold throughout the United States and internationally. OCTOMASK-branded products have been featured on popular websites including Gizmodo, Fancy, Men's Gear, and Touch of Modern. Through these websites and general consumer exposure, the OCTOMASK Mark has become famous as such term is used in 15 U.S.C. § 1125.

10. Fountain is the owner and assignee of the entire interest in United States Trademark Registration No. 4,491,079 on the Principal Register in the United States Patent and Trademark Office for the OCTOMASK Mark for use with the sale of "Scuba masks" in

International Class 009 (the "Registration"). The Registration issued on March 4, 2014. The Registration does not contain a disclaimer of any portion of the mark. A copy of the Registration certificate and status are attached as Plaintiff's Exhibit 4.

11. As a result of its widespread, continuous and exclusive use of the OCTOMASK Mark to identify its scuba masks with camera attachments and Fountain as their source, Fountain owns valid and subsisting federal and California statutory and common law rights to the OCTOMASK Mark.

12. Fountain's OCTOMASK Mark is distinctive to both the consuming public and in Fountain's trade.

13. Fountain has expended substantial time, money and resources marketing, advertising and promoting the scuba masks with camera attachments sold under the OCTOMASK Mark.

14. Fountain sells its OCTOMASK-branded goods to wholesalers and online and physical retailers throughout the United States and internationally.

15. Fountain's goods sold under the OCTOMASK Mark are of high-quality construction and are designed to last a lifetime of use and withstand substantial physical pressures and impacts.

16. As a result of Fountain's expenditures and efforts, the OCTOMASK Mark has come to signify the high quality of the scuba masks designated by the OCTOMASK Mark, and it has acquired incalculable distinction, reputation and goodwill belonging exclusively to Fountain.

17. Fountain's OCTOMASK Mark and the scuba masks offered thereunder have received significant coverage in various media, including by the websites Gizmodo, Fancy, Men's Gear, and Touch of Modern.

18. As a result of its distinctiveness and widespread use and promotion throughout the United States, Fountain's OCTOMASK Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and it became famous prior to the acts of the Defendants alleged herein.

**OCTOSPOT BACKGROUND**

19. On information and belief, the Defendants publicly used the OCTOSPOT Mark from at least July 5, 2016 until at least August 4, 2016 (the "Kickstarter Pre-Order Period") to receive pre-orders for the Octospot Dive Camera and camera mounts bundled with it through the Kickstarter website, www.kickstarter.com (the "Kickstarter Website"). At the time of the Kickstarter Pre-Order Period, these pre-ordered goods were estimated to be delivered between November 2016 and Janurary 2017. These goods were advertised as available for shipment to North American countries, including to the United States. A copy of the Defendants' Kickstarter pre-order campaign as it existed on August 4, 2016 (prior to the product being rebranded) is attached as Plaintiff's Exhibit 5.

20. On information and belief, this Kickstarter pre-order campaign ended on August 4, 2016. The Defendants collected pre-orders for the Octospot Dive Camera through the Kickstarter pre-order campaign in the amount of $345,529. As, on information and belief, the Defendants collected pre-orders via Kickstarter over a 30-day period between July 5, 2016 and August 4, 2016, during that period the Defendants pre-sold approximately $11,517.63 per day of products using the OCTOSPOT mark.

21. After the close of the Kickstarter Pre-Order Period, and after already collecting $345,529 of pre-orders, the Defendants changed the name of the Octospot Dive Camera to the Paralenz Dive Camera. A copy of the current Paralenz company homepage is attached as Plaintiff's Exhibit 6.

22. Therefore, on information and belief, the Defendants have used the internet to advertise, promote, offer for sale, and/or sell the Octospot Dive Camera and related camera attachments using the OCTOSPOT Mark to persons located throughout the United States, including in the State of California, including in this judicial district.

23. The Defendants' use of the OCTOSPOT Mark is without Fountain's authorization and, on information and belief, began after Fountain acquired protectable exclusive rights in its OCTOMASK Mark.

24. The OCTOSPOT Mark adopted and used by the Defendants is confusingly similar to Fountain's OCTOMASK Mark (collectively, the "Marks"). Any unusual and non-descriptive elements attract the most attention when consumers are perceiving a trademark. In the case of the OCTOMASK and OCTOSPOT Marks, the prefix "OCTO" is an uncommon word element and attracts the consumers' attention. As such, "OCTO" is the dominant and source-indicating portion of both Marks. In contrast, the suffixes of "MASK" and "SPOT" are common, descriptive words that are not the focus of the consumers' attention when they are perceiving the entire Marks. Therefore, the "OCTO" prefix is the dominant, source-indicating portion of both Marks and renders such Marks confusingly similar to consumers.

25. On information and belief, the scuba dive camera and camera mounts marketed, advertised, promoted, offered for sale and/or sold using the OCTOSPOT Mark are related and competitively proximate to the scuba masks with a camera attachment sold using the OCTOMASK Mark. Both sets of products sold using the Marks are camera-related-goods to be worn by scuba divers on their heads for the purpose of recording pictures and video of the divers' underwater excursions. Any consumer evaluating these two sets of products might reasonably wonder if and/or expect that both sets of products have the same commercial source. Further, the Defendants' dive camera and mounts and Fountain's scuba mask with a camera mount are complementary products that if made by the same source would be expected by consumers to work with each other and easily be joined together.

26. The Defendants advertised, promoted, offered for sale and/or sold the OCTOSPOT-branded goods over the internet to individual consumers. Fountain also is and has been advertising, promoting, offering for sale and/or selling its OCTOMASK-branded goods over the internet to individual consumers. Therefore, Fountain and the Defendants have used the same channel of trade to offer their respective goods.

27. Fountain first contacted Defendant Paralenz ApS (under its former name Octospot ApS) on July 13, 2016 regarding Fountain's claims that the OCTOSPOT mark infringes its rights in the OCTOMASK Mark, and, on information and belief, the Defendants have been aware of Fountain's OCTOMASK Mark and allegations of infringement since at

least that date. A copy of Fountain counsel's July 13, 2016 letter to Defendant Paralenz ApS (under its former name Octospot ApS) is attached as Plaintiff's Exhibit 7.

28. The Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the OCTOSPOT-branded goods, including the Octospot Dive Camera, and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Defendants' OCTOSPOT-branded goods originate from, are associated or affiliated with, or otherwise authorized by Fountain.

29. On information and belief, the Defendants acts are, from at least July 13, 2016, willful with the deliberate intent to trade on the goodwill of Fountain's OCTOMASK Mark, cause confusion and deception in the marketplace, mislead consumers, and divert potential sales of Fountain's scuba-camera-related goods to the Defendants.

30. The Defendants acts have caused and will continue to cause damage and irreparable harm to Fountain and to its valuable reputation and goodwill with the consuming public for which Fountain has no adequate remedy at law.

## JOINDER

31. The OCTOSPOT-branded products were advertised, promoted, offered for sale, and/or sold using the shared financial resources and company personnel of all Defendants. As an example, the Paralenz ApS "About" webpage (Plaintiff's Exhibit 3) contains a picture displaying its personnel. A number of these persons are listed on Moef's website as also working for Moef. (A copy of Moef's "Contact" webspage is attached as Plaintiff's Exhibit 8.) On information and belief, these joint personnel include Kristoffer Kelstrup, a Partner at Moef; Andreas Pank, a Partner at Moef; Martin Holmberg, a Partner at Moef; Michael Trøst, a Partner at Moef; Nikolaj Bech Andersen, a Designingeniør (Design Engineer) at Moef; Thomas Sønderby, a Designingeniør at Moef; and Søren Splidsboel, a Grafisk Designer (Graphics Designer) at Moef. Additionally, on information and belief, the use of Paralenz Inc. as a U.S. operating subsidiary was and is a critical part of advertising, promoting, offering for sale, and/or selling the OCTOSPOT-branded products, as the use of an U.S. operating

1  subsidiary made, *inter alia*, financial and physical operations within the United States
2  significantly less burdensome for the other Defendants than if they had to conduct financial and
3  export transactions using only companies organized in Denmark.
4  　　　　32.　　Joinder of the Defendants in this action is proper pursuant to Fed. R. Civ. P. 20
5  because, on information and belief, the cooperation of all Defendants has been necessary to
6  complete the unlawful acts complained of herein. The Defendants' sharing and coordinating of
7  resources and functions causes the right to relief asserted in this action jointly against all
8  Defendants to arise out of a common series of transactions in the advertising, promoting,
9  offering for sale, and/or selling the OCTOSPOT-branded products to U.S. consumers,
10 including in the form of numerous pre-orders and the advertising of pre-orders, with each
11 transaction requiring the cooperation of the Defendants, and therefore questions of law and fact
12 common to all Defendants will arise in this action.

## CLAIM FOR RELIEF OF INFRINGEMENT

14 　　　　33.　　Fountain incorporates and re-alleges each of the allegations set forth above as
15 though fully set forth herein.
16 　　　　34.　　The Defendants' unauthorized use of the OCTOSPOT Mark as described herein
17 has caused and is likely to cause confusion, mistake or deception and constitutes trademark
18 infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).
19 　　　　35.　　On information and belief, from at least July 13, 2016 the Defendants have
20 committed the foregoing acts of infringement with full knowledge of Fountain's prior rights in
21 the OCTOMASK Mark and with the willful intent to cause confusion and trade on Fountain's
22 goodwill.
23 　　　　36.　　The Defendants' conduct has caused and is causing immediate and irreparable
24 harm and injury to Fountain, and to its goodwill and reputation, and may continue to both
25 damage Fountain and confuse the public unless enjoined by this Court. Fountain has no
26 adequate remedy at law.
27 　　　　37.　　Fountain is entitled to, among other relief, injunctive relief and an award of
28 actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys'

fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

38. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

39. The Defendants' unauthorized use of the OCTOSPOT Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40. On information and belief, from at least July 13, 2016 the Defendants' conduct as alleged herein was willful and was intended to and likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with Fountain.

41. On information and belief, from at least July 13, 2016 the Defendants' conduct as alleged herein was intended to and likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendants' goods.

42. The Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. The Defendants' conduct has caused and is causing immediate and irreparable harm and injury to Fountain, and to its goodwill and reputation, and will continue to both damage Fountain and confuse the public unless enjoined by this Court. Fountain has no adequate remedy at law.

44. Fountain is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF TRADEMARK DILUTION

45. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

46. Fountain's OCTOMASK Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. Fountain's OCTOMASK Mark became distinctive and famous prior to the Defendants' acts as alleged herein.

48. The Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Fountain's famous OCTOMASK Mark.

49. The Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish Fountain's OCTOMASK Mark by undermining and damaging the valuable goodwill associated therewith.

50. On information and belief, from at least July 13, 2016 the Defendants' acts as alleged herein were intentional and willful in violation of Section 43(c)(1) of the Lanham Act, have already caused Fountain irreparable damage, and will, unless enjoined, continue to so damage Fountain, which has no adequate remedy at law.

51. Fountain is entitled to, among other relief, an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF UNFAIR COMPETITION
## AND FALSE ADVERTISING UNDER CALIFORNIA LAW

52. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

53. The Defendants have committed an unlawful, unfair or fraudulent business act or practice in violation of Cal. Bus. & Prof. Code § 17200.

54. The Defendants engaged in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code §§ 17200 and 17500.

55. The Defendants' conduct has caused and is causing immediate and irreparable harm and injury to Fountain, and to its goodwill and reputation, and will continue to both

damage Fountain and confuse the public unless enjoined by this Court. Fountain has no adequate remedy at law.

**DEMAND FOR JUDGMENT**

**WHEREFORE,** Fountain requests judgment against the Defendants as follows:

1. That the Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).
2. That the Defendants have violated Cal. Bus. & Prof. Code §§ 17200 and 17500.
3. Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:
   a. manufacturing, distributing, providing, selling, marketing, advertising, promoting or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any goods or services bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Fountain's OCTOMASK Mark;
   b. engaging in any activity that infringes Fountain's rights in its OCTOMASK Mark;
   c. engaging in any activity constituting unfair competition with Fountain;
   d. engaging in any activity that is likely to dilute the distinctiveness of or tarnish Fountain's OCTOMASK Mark;
   e. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) the Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Fountain

or (ii) Fountain's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with the Defendants;

    f. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Fountain or tend to do so;

    g. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the OCTOSPOT Mark or any other mark that infringes or is likely to be confused with Fountain's OCTOMASK Mark, or any goods or services of Fountain, or Fountain as their source;

    h. beyond the foregoing, directly or indirectly committing any other unlawful, unfair or fraudulent business act or making any other illegal, untrue or misleading statement that would violate Cal. Bus. & Prof. Code §§ 17200 and 17500; and

    i. aiding, assisting or abetting any other individual or entity in doing any act prohibited by subparagraphs (a) through (h).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by the Defendants are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Fountain or constitute or are connected with Fountain's goods, including through awarding Fountain funds for corrective advertising.

5. Directing the Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all

packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Fountain's OCTOMASK Mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale the Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Fountain's OCTOMASK mark, and to immediately remove them from public access and view.

6. Directing that the Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Fountain's OCTOMASK Mark.

7. Directing the Defendants to formally abandon with prejudice any and all of its applications to register the OCTOSPOT Mark or any mark consisting of, incorporating or containing Fountain's OCTOMASK Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

8. Directing the Defendants to cancel with prejudice any and all of its registrations for the OCTOSPOT Mark or any mark consisting of, incorporating or containing Fountain's OCTOMASK Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

9. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), the Defendants to file with the Court and serve upon Fountain's counsel within thirty (30) days after service on the Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which the Defendants have complied therewith.

10. Awarding Fountain an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that the Defendants account to and pay over to Fountain all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Fountain for the damages caused thereby.

12. Awarding Fountain damages in an amount sufficient to compensate it for the damage caused by the Defendants' unfair competition and false advertising in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500.

13. Awarding Fountain punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Fountain its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Fountain interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Fountain Inc. hereby requests a trial by jury of the issues so triable herein.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 |   |   |
| 3 | DATED: October 10, 2016 | /s/Michael J. Sullivan |
| 4 |   | Michael J. Sullivan (SBN 264695) |
| 5 |   | LAW OFFICE OF MICHAEL J. SULLIVAN |
| 6 |   | 111 N. Market St., Suite 300 San Jose, CA 95113 |
| 7 |   | Telephone: (408) 628-8882 Facsimile: (408) 625-1148 |
| 8 |   | E-mail: msullivan@mikesullivanlaw.com |
| 9 |   | Attorney for Plaintiff FOUNTAIN INC. |

COMPLAINT         15